LOUIS COHN & BROS. *v.* SIMPSON.*

(Division A.   Nov. 1, 1926.)

[109 So. 860.   No. 25875.]

BOUNDARIES.   *Instruction, in action involving boundaries, that no legal survey could be made without duly sworn chain bearers, held erroneous, where surveys in evidence were not made under court order.*

In action for damages for cutting trees, involving dispute as to correct boundary, instruction that no legal survey could be made without duly sworn chain bearers *held* erroneous, where surveys in evidence were not made under court order.

*Corpus Juris-Cyc References: Boundaries, 9CJ, p. 292, n. 26, 33.

APPEAL from circuit court of Lawrence county.
HON J. Q. LANGSTON, Judge.

Action by Louis Cohn & Bros. against D. M. Simpson. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

*J. H. Arrington* and *R. H.* and *J. H. Thompson,* for appellants.

The pivotal question to be determined by the jury was the true and correct boundary line, a township line, between the plaintiff's land and the land north of it, upon which defendant had a right to cut trees and remove logs.

If the true and correct line between plaintiff's land and the land north of it was as plaintiffs contended, the evidence fully warranted a verdict in plaintiff's favor and the award to them of damages in some amount. We need not inquire as to the amount, since the court below by its instructions, erroneous as we shall endeavor to show, denied plaintiffs all recovery.

There was no denial of the fact that defendant had cut trees on the strip of land between the two lines mentioned. The instruction given the defendant by the court was equivalent to a peremptory instruction directing the jury to find the pivotal and only real question in the case for the defendant.

This instruction erroneously classifies surveys as legal and illegal. Surveys are not subject, to such classification; the only classification to which they are subject is that of correct and incorrect surveys; although the writer, whose early professional life brought him in contact with the people of Lawrence and several of its adjoining counties, has often heard surveyors classified as "good surveyors" and plug surveyors."

We cannot conceive of a survey being itself unlawful. Persons making a survey can commit trespass upon the lands of another while surveying, but if they do so the survey itself is not illegal any more than the breathing or the singing of hymns by surveying trespassers would be unlawful.

The court's announcement to the jury that the surveys were illegal could not have had any other effect than to cause the jury to disregard all testimony showing any and all surveys to which the testimony related since there was no evidence whatever which even tended to prove that the chain bearers in any one of them were sworn as specified in the instruction.

*E. B. Patterson,* for appellee.

We have read appellant's complaint of instruction No. 2. The appellee would show that the second line which surveyor Polk ran and which brought about this lawsuit was run without chain bearers, without surveyor's chain or compass or any of the things that usually go to make up a correct survey. The appellee took the position that he should at least show a semblance of having followed the statute in regard to surveying. And among other things required of a surveyor in establishing a correct line is to measure distances and to do this the statute provides that chain bearers shall be sworn in for that purpose.

It may be true that the words *correct survey and incorrect survey* would have been better than *legal and illegal survey* as used in said instruction, but we do not think it can be said that the jury did not understand the

real purpose of a survey; that is, the establishing of a correct line.

We submit that all questions were properly submitted to the jury, that the jury's finding was fully warranted by the record and that the same should be affirmed.

McGOWEN, J., delivered the opinion of the court.

Louis Cohn & Bros., plaintiffs in the court below, appellants here, filed a declaration in the circuit court of Lawrence county, containing two counts—one, demanding the statutory penalty for defendant's cutting trees on plaintiffs' land; the other count demanding the actual value of the trees cut by defendant on plaintiffs' land.

The proof showed that the trees were cut on a strip of land, the ownership of which was in dispute as to which of two lines of surveys established the correct northern boundary line of plaintiffs' land; there being one line contended for by the plaintiffs eighty-five yards north of the line contended for by the defendant, Simpson, who admitted that he cut the trees, but claimed that he had not cut them from plaintiffs' land.

As is usually the case, the surveyors for plaintiffs and defendant differed, according to the contention of plaintiffs and defendant, as to where the true line was, and it appears that none of the surveys were made in compliance with a court order; and the surveys for the plaintiffs seemed to have been entirely *ex parte.* One surveyor made a pocket survey for plaintiffs, and there were no sworn chain bearers. The jury found for the defendant. This was a close case on the facts, and the one error complained of, which we shall mention, is the instruction No. 2, given for the defendant, which is as follows:

"The court instructs the jury that under the law no *legal* survey can be made without chain bearers first being duly and legally sworn to perform their duty as such chain bearers."

We think this instruction, in effect, peremptorily directed the jury to ignore the major portion of the plaintiffs' testimony, and that the plaintiffs' had a right to have the opinion of their expert surveyors as to the correct line go to the jury without restriction by the court as to the legal effect of the several surveys made. In effect the court told the jury that, if they adopted the theory of the plaintiffs' surveyors, they would stamp the seal of the jury's approval upon an illegal survey. We think this instruction was vicious, and in this case, there not having been any court order for any survey, we are unable to say just what the court did mean by the term "legal survey;" but we think the instruction was calculated to mislead the jury into the belief that plaintiffs' testimony as to the line was secured by illegal methods.

In the state of this record, we think that another trial should be had because of the giving of this instruction.

*Reversed and remanded.*